STARN O'TOOLE MARCUS & FISHER
A LAW CORPORATION

STEPHANIE E.W. THOMPSON (8399)
JORDAN E. MARZAN (11965)
733 Bishop Street, Suite 1900
Pacific Guardian Center, Makai Tower
Honolulu, Hawai'i 96813
Telephone: (808) 537-6100
sthompson@starnlaw.com
jmarzan@starnlaw.com

Counsel For Plaintiff
KATHRYN C. HEALY

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI'I

| | |
|---|---|
| KATHRYN C. HEALY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DEFENDANT JOHN DOE #1, OWNER OF PHONE NUMBER (808) 280-9363; DOE DEFENDANTS 1-10; AND DOE ENTITIES 1-10; INCLUSIVE,<br><br>Defendants. | CIVIL NO. _____<br><br>COMPLAINT; DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff KATHRYN C. HEALY (hereinafter "*Plaintiff*"), by and through her undersigned attorneys, hereby asserts the following allegations, claims, and causes of action against DEFENDANT JOHN DOE #1, OWNER OF PHONE NUMBER (808) 280-9363 ("*Defendant*") as follows:

### PRELIMINARY STATEMENT

1. This case involves claims relating to the unauthorized public disclosure of private and sexually explicit text messages sent between Plaintiff and her ex-husband during a time in mid-2024, when the divorced couple had briefly reconciled. The sexually explicit text messages had been sent to Plaintiff's current boyfriend from an unknown number: (808) 280-9363 on February 5, 2025. Plaintiff never gave consent to another to use or disclose these private text messages. In response to inquiries sent by Plaintiff's divorce attorneys, Plaintiff's ex-husband "categorically denie[d]" the disclosure or possession of the text messages. He denied ownership or control of the number from which the private text messages had been sent. Plaintiff brings this complaint against Defendant John Doe #1, the owner of the phone number ((808) 280-9363) asserting tortious and statutory claims relating to Defendant's unauthorized access and/or interception of the highly private and sexually explicit text messages. Plaintiff seeks monetary damages, including attorneys' fees and costs, as well as injunctive relief and punitive damages for the

injuries caused by Defendant's wrongful interception, acquisition and disclosure of Plaintiff's private electronic communications.

## PARTIES

2. Plaintiff Kathryn Healy is and has been at all relevant times hereto a resident of the City of Kihei, in the County of Maui, State of Hawai'i.

3. On information and belief, and as discovery will reveal, Defendant John Doe #1, the owner of the phone number (808) 280-9363 ("***Defendant***") is a person who owns or has control over a cell phone account with the phone number: (808) 280-9363. On further information and belief, and as discovery shall reveal, Defendant, knowingly intercepted and/or acquired sexually explicit text messages solely exchanged by/between Plaintiff and her ex-husband (Mr. Lowney), without Plaintiff's consent. Defendant then sent these text messages to Plaintiff's boyfriend, who was then residing in the County of Maui, with the express and malicious intent to injure Plaintiff. On information and belief, and as further described herein, Defendant has used this phone number ((808) 280-9363) to harass, defame, disparage and threaten Plaintiff. Defendant is being sued under a fictitious name because his/her/its true name and identity is presently unknown to Plaintiff. Plaintiff will seek leave of court to certify Defendant's identity, activities, and responsibilities, when the same are subsequently ascertained via discovery.

4. Doe Defendants 1-10, and Doe Entities 1-10 (collectively "**Doe Defendants**") are persons, partnerships, companies, corporations, agencies, governmental or other entities sued under fictitious names because their true names and identities are presently unknown to Plaintiff except that they are or may be connected to the events that are the subject of this lawsuit or acting in concert with one or more of the Doe Defendants herein. Plaintiff has made a good faith and diligent search to ascertain the names and identities of such defendants, but has been unable (to date) to obtain the identities of the Doe Defendants. Plaintiff requests the Court to allow leave to certify their true names, identities, activities, and responsibilities, when the same are subsequently ascertained via discovery.

5. Plaintiff anticipates submitting subpoenas to various cell phone carriers to ascertain the identity of Defendant and any Doe Defendants immediately on the filing of this complaint.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under the laws of the United States, specifically 18 U.S.C. § 2511(1)(a)-(e), and § 2520, as well as the 18 U.S.C. §§ 2701, *et seq*.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United.

8.  This Court has supplemental jurisdiction over the state law specific claims action pursuant to 28 U.S.C. § 1331. Any and all state law claims contained herein form part of the same case or controversy as gives rise to Plaintiff's federal law claims. The exercise of supplemental or pendant jurisdiction serves the interests of judicial economy, convenience, and fairness to all parties.

9.  Venue resides in the United States District Court for the District of Hawai'i pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff and her former husband, Christopher Lowney ("***Mr. Lowney***" or "***ex-husband***"), commenced divorce proceedings in or around 2019, in the Family Court of the Second Circuit, State of Hawai'i, as case no.: 2DV191000413 ("***Divorce Action***").

11. By stipulation and order, the Court entered a decree of divorce in the Divorce Action in November 2019.

12. Subsequent to the entry of the divorce decree, Plaintiff sought to enforce a specific provision of the divorce decree regarding payments of money owed to Plaintiff by Mr. Lowney, but not yet paid by him to Plaintiff.

13. In April 2024, Mr. Lowney threatened Plaintiff via a text message stating that should she choose to enforce the divorce decree against him and thereby force

him to pay her the monies still owed to her, that he (Mr. Lowney) would have a "talk" with Plaintiff's boyfriend (Nick Sporazic). Mr. Lowney indicated that he might share with him (Nick) Plaintiff's and Mr. Lowney's private and sensitive communications.

14. In or around September 2024, Plaintiff filed a motion in the Divorce Action seeking to, among other things, enforce the payment provisions in her divorce decree against Mr Lowney.

15. In November 2024, a stipulation and order filed in the Divorce Action resolved the disputes regarding the payment of monies still owed to Plaintiff by Mr. Lowney.

16. On or about February 5, 2025, at approximately 11:14 p.m. (HST), Mr. Sporazic (Plaintiff's boyfriend) received a text message from an unidentified person (Defendant), associated with the number: (808) 280-9363.

17. This message contained a text message, and several "screenshots" of sensitive and private text communications previously sent/exchanged between Plaintiff and Mr. Lowney (the "***Private Texts***").

18. These Private Texts were sent and received between Plaintiff and Mr. Lowney during a brief period of time that Plaintiff and Mr. Lowney had attempted a reconciliation, post-divorce. During this timeframe, Plaintiff and Mr. Lowney had become intimate and had exchanged numerous, sexually explicit text messages.

5

19. These Private Texts contained explicit sexual content and communications exchanged solely between Plaintiff and Mr. Lowney.

20. Plaintiff never consented to these Private Texts being shared with others, outside of Mr. Lowney.

21. Plaintiff expected that these Private Text messages would be kept private: between her and Mr. Lowney, only.

22. At the time that Mr. Sporazic received these Private Texts, Mr. Lowney had moved from Maui and been living and residing in California.

23. On receiving these Private Texts and messages, Mr. Sporazic and Plaintiff reported the incident to the local police department.

24. Believing that the person sending the sexually explicit text messages to Mr. Sporazic was Mr. Lowney (her ex-husband), Plaintiff sought to investigate and, if need be, enjoin her ex-husband from further threats and disclosures.

25. An online reverse phone number look-up search conducted by Plaintiff revealed that the number ((808) 280-9363) may belong to, or be associated with Mr. Lowney.

26. Based on this information, Plaintiff, via her current divorce attorneys from Wong Leong Cuccia, LLLC, sent a cease and desist letter to Mr. Lowney's divorce attorneys on March 3, 2025.

27. Mr. Lowney's divorce attorney responded to state that Mr. Lowney "categorically denie[d]" the allegations asserted by Plaintiff in the cease and desist letter. Mr. Lowney denied having "possession of any alleged messages" sent or received by the parties.

28. Plaintiff filed and submitted a subpoena duces tecum to Verizon in the Divorce Action on March 14, 2025, to determine, if possible, the owner and/or name of the person or persons associated with the number (808) 280-9363.

29. Mr. Lowney, by and through his divorce counsel, filed a motion to quash the subpoena duces tecum in the Divorce Action.

30. While the motion to quash was pending, Verizon responded to the subpoena duces tecum to state that the phone number associated with the records requested was for an account held with Cingular/AT&T – not Verizon. Verizon disclosed that it had no records responsive to the subpoena duces tecum.

31. Subsequent to Verizon's disclosure, the Family Court in the Divorce Action granted the motion to quash the subpoena, without explanation.

32. Given Mr. Lowney's express denial of the sending or sharing of the Private Texts previously exchanged between him and Plaintiff and then subsequently sent to Mr. Sporazic on February 5, 2025, Plaintiff believes and is informed that another individual (Defendant) has intentionally intercepted and/or acquired these Private Texts (and possible other related messages) by means of electronic, mechanical or

other device, with the express intent to invade her privacy, harass, embarrass, and cause Plaintiff emotional distress and injury.

33. Plaintiff has suffered, and continues to suffer severe emotional distress and actual damages as a result of Defendant's actions.

## CAUSES OF ACTION

### First Claim for Relief – Violation of the Wiretap Act

34. Plaintiff repeats and realleges each and every one of her allegations in paragraphs 1 through 33 above as if fully set forth herein.

35. Plaintiff brings this claim under 18 U.S.C. 2520(a), which grants a private right of action to any person whose electronic communications are intercepted in violation of U.S.C. § 2511 (the ***Wiretap Act***").

36. Plaintiff's Private Texts exchanged with Mr. Lowney are electronic communications pursuant to U.S.C. § 2510(12).

37. In a response letter submitted to Plaintiff's counsel in the Divorce Action, Mr. Lowney denied sending the Private Texts to Mr. Mr. Sporazic.

38. Mr. Lowney (by and through his counsel) stated that he no longer possessed any of the Private Texts and could not have sent the Private Texts to Mr. Sporazic.

39. Mr. Lowney denied consenting to the transfer or forwarding of these Private Texts.

8

40. He denied owning the cell phone account associated with the number that did send the Private Texts to Mr. Sporazic.

41. On information and belief, and as discovery will reveal Defendant wrongfully and intentionally intercepted and acquired the Private Texts as they were being communicated or transmitted.

42. Defendant then intentionally disclosed and wrongfully used the unlawfully intercepted communications, including the Private Texts.

43. Plaintiff possessed a reasonable expectation of privacy that the Private Texts would be kept private and confidential between her and Mr. Lowney.

44. The disclosure of the Private Texts served no public purpose.

45. On further information and belief, and as discovery will show, one or more Doe Defendants (whose identities are currently unknown to Plaintiff), agreed to assist Defendant (Doe Defendants and Defendant are collectively referred to as "**Defendants**"), to wrongfully access, intercept, obtain and then disclose the intimate Private Texts. Doe Defendants knowingly agreed and intentionally conspired with Defendant to intercept and disclose Plaintiff's private text messages. Doe Defendants acted in concert with Defendant by, among other things, wrongfully accessing and obtaining Plaintiff's Private Texts with the intent to disclose them and thereby cause Plaintiff injury, embarrassment, emotional distress and damage.

46. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered severe harm and injury in an amount to be determined at trial.

47. Plaintiff is entitled to relief for Defendants' violations of 18 U.S.C. § 2511(1)(a), § 2511(2)(c), §2511(2)(d), and under 18 U.S.C. 2520, including but not limited to monetary damages, including attorneys' fees and costs, as well as injunctive relief.

48. Because Defendants' actions were willful, wanton, malicious and reckless, Plaintiff is entitled to punitive damages, in an amount to be determined at trial.

Second Claim for Relief – Violation of Stored Communications Act

49. Plaintiff repeats and realleges each and every one of her allegations in paragraphs 1 through 46 above as if fully set forth herein.

50. Plaintiff's Second Claim for Relief is being plead in the alternative to Plaintiff's First Claim for Relief.

51. The Stored Communications Act prohibits the intentional access of a person's electronic communications by another without authorization or consent while the electronic communications are in storage. *See e.g.,* 18 U.S.C. § 2701(a)(1).

52. Only a "user" of a storage system, such as the storage on a cell phone or storage via the cell phone account may authorize a third party's access to the stored electronic communications. *Id.,* at § 2701(c)(2).

53. Mr. Lowney stated through his counsel that (1) he did not send the Private Texts to Mr. Sporazic; (2) he no longer possesses the Private Texts on any of his storage devices or phone; and (3) he does not own or control the phone account identified in the text that sent the Private Texts.

54. Plaintiff did not authorize nor give consent to any person, including Defendant, to access and disclose the Private Texts.

55. On information and belief, and as discovery will reveal, Defendant knowingly and intentionally accessed and acquired the Private Texts from storage without authorization or consent.

56. On further information and belief, and as discovery will show, one or more Doe Defendants (whose identities are currently unknown to Plaintiff), agreed to assist Defendant (Doe Defendants and Defendant are collectively referred to as "***Defendants***"), to wrongfully access, intercept, obtain and then disclose the intimate Private Texts. Doe Defendants knowingly agreed and intentionally conspired with Defendant to intercept and disclose Plaintiff's private text messages. Doe Defendants acted in concert with Defendant by, among other things, wrongfully accessing and obtaining Plaintiff's Private Texts with the intent to disclose them and thereby cause Plaintiff injury, embarrassment, emotional distress and damage.

57. As a direct and proximate result of Defendants' wrongful actions, Plaintiff has suffered (and continues to suffer) severe harm and injury in an amount to be determined at trial.

58. Plaintiff is entitled to relief for Defendants' violations of the Stored Communications Act, and under 18 U.S.C. § 2707(c), including but not limited to, monetary damages, including attorneys' fees and costs, as well as injunctive relief.

59. Because Defendants' actions were willful, wanton, malicious and reckless, Plaintiff is entitled to punitive damages, in an amount to be determined at trial.

### Third Claim for Relief – Invasion of Privacy and/or False Light

60. Plaintiff repeats and realleges each and every one of her allegations in paragraphs 1 through 59 above as if fully set forth herein.

61. Defendant wrongfully invaded Plaintiff's privacy by, among other things, acquiring sensitive and private text communications by and between Plaintiff and Mr. Lowney and publishing the same to a third party.

62. Defendant committed the aforementioned actions without Plaintiff's consent.

63. The sexually explicit text messages exchanged by/between Plaintiff and Mr. Lowney were private, and only shared between Plaintiff and Mr. Lowney during the course of their attempted reconciliation.

64. Plaintiff possessed a reasonable expectation of privacy that these communications would be kept private and confidential between her and Mr. Lowney.

65. The disclosure of these private, sexually explicit and personal messages (the Private Texts) were done with malicious intent. The disclosure was highly offensive and objectionable to the reasonable person.

66. The disclosed Private Texts are not of legitimate public concern and should not have been disclosed.

67. Article I, Section 6 of the Hawai'i Constitution provides and secures a right of privacy to an individual in the informational and personal autonomy sense that incorporates the common law right to privacy or tort privacy, and the ability of an individual to control the privacy of information about herself, including without limitation the unauthorized public disclosure of embarrassing or highly intimate and/or personal information herself.

68. Defendant wrongfully obtained and then published these sensitive and explicit text messages to Mr. Sporazic, and others, thereby placing Plaintiff in a false light.

69. Defendant intended and knew that publishing the Private Texts would be highly offensive to a reasonable person, and would cause extreme emotional distress to Plaintiff.

70. Defendant acted in reckless disregard as to the consequences in which Plaintiff would be placed by wrongfully obtaining and the publishing the Private Texts.

71. On information and belief, one or more of Doe Defendants (whose identities are currently unknown to Plaintiff), agreed to assist Defendant (collectively referred to as "***Defendants***"), to wrongfully access, obtain and then disclose the Private Texts. Doe Defendants agreed and conspired with Defendant to invade Plaintiff's privacy and publish Plaintiff's private text messages. Doe Defendants acted in concert with Defendant by, among other things, wrongfully accessing and obtaining Plaintiff's private text messages with the intent to disclose them and thereby cause Plaintiff injury, embarrassment, emotional distress and damage.

72. As a direct and proximate result of Defendants' wrongful actions, Plaintiff sustained, and continues to sustain, damages and is therefore entitled to recover special, general, compensatory and punitive damages, together with reasonable attorneys' fees and court costs, in such amounts as shall be shown at trial.

Fourth Claim for Relief – Intentional Infliction of Emotional Distress

73. Plaintiff repeats and realleges each and every one of her allegations in paragraphs 1 through 72 above as if fully set forth herein.

74. Defendant's wrongful conduct detailed herein was intentional.

75. Defendant's misconduct was outrageous, beyond the bounds of decency, willful, wanton and malicious.

76. Defendant's wrongful conduct caused Plaintiff to suffer severe and extreme emotional distress and injury.

77. On information and belief, one or more of Doe Defendants (whose identities are currently unknown to Plaintiff), agreed to assist Defendant (collectively referred to as "***Defendants***"), to wrongfully access, obtain and then disclose the intimate and Private Texts. Doe Defendants agreed and conspired with Defendant to intentionally to cause or with reckless disregard of the probability of causing, Plaintiff to suffer severe emotional distress.

78. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe emotional distress, including but not limited to anxiety, depression, and loss of sleep.

79. As a direct and proximate result of Defendants' wrongful actions, Plaintiff sustained, and continues to sustain, damages and is therefore entitled to recover special, general, compensatory and punitive damages, together with reasonable attorneys' fees and court costs, in such amounts as shall be shown at trial.

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against the Defendants, jointly and severally:

A. General damages in amounts to be proven at trial;

B. Special damages in amounts to be proven at trial;

C. Punitive damages in amounts to be proven at trial;

D. Statutory damages as allowed under the Wiretap and Stored Communications Act;

F. Pre-judgment and post-judgment interest;

H. An award of attorneys' fees and costs of suit; and

I. Such other relief as this Court deems just and proper.

DATED: Honolulu, Hawai'i, June 17, 2025.

/s/ *Stephanie E.W. Thompson*
STEPHANIE E.W THOMPSON
JORDAN E. MARZAN

Attorneys for Plaintiff